J-S48040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIGUEL ANGEL PAGAN, | |
| Appellant | No. 287 MDA 2017 |

Appeal from the PCRA Order January 20, 2017
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos.: CP-36-CR-0001452-2012
CP-36-CR-0001508-2012

BEFORE:  OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 19, 2017**

Appellant, Miguel Angel Pagan, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The PCRA court aptly set forth the relevant facts and procedural history[1] of this case as follows:

> On August 15, 2012, [Appellant], represented by counsel, appeared before the [c]ourt and, pursuant to a plea agreement, pled guilty to the sexual offenses charged in two separate criminal informations.  On No. 1452-2012, [Appellant] pled

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that the court generally applied the prisoner mailbox rule in providing the dates for Appellant's *pro se* filings.  **See Commonwealth v. Brandon**, 51 A.3d 231, 234 n.5 (Pa. Super. 2012).

guilty to involuntary deviate sexual intercourse with a person less than 16 years old [(IDSI)], unlawful contact with a minor, statutory sexual assault and corruption of minors. These offenses took place between November 25, 2011, and February 10, 2012, in East Lampeter Township, Lancaster County. On No. 1508-2012, [Appellant] pled guilty to the same offenses during the same time period in Manheim Township, Lancaster County. In each case, the same fifteen year old female was the victim.

The [c]ourt accepted [Appellant's] guilty plea after [he] completed a written and oral colloquy during which [he] had the assistance of an interpreter. The [c]ourt imposed an aggregate sentence of 8 to 16 years [of] incarceration as provided in the plea agreement. [Appellant] did not file a post sentence motion or an appeal to the Superior Court. As a result, his judgment of sentence became final thirty days after imposition.

[Appellant] filed a *pro se* PCRA petition on June [22], 2015, and counsel was appointed to represent him. On August 27, 2015, counsel sent a no-merit letter to the [c]ourt, with a copy to [Appellant], stating her opinion that [his] claims were untimely and also lacked substantive merit. [Appellant] then filed another petition for post conviction relief on August 31, 2015, which was forwarded to counsel. The [c]ourt issued a Rule 907 Notice and, on November 4, 2015, entered an order dismissing [Appellant's] petition.

[Appellant] filed a timely notice of appeal and the Superior Court affirmed the [c]ourt's order on May 17, 2016. (***See Commonwealth v. Pagan***, 2016 WL 2955482, at *1 (Pa. Super. filed May 17, 2016) (unpublished memorandum)). By order dated October 27, 2016, [Appellant's] petition for allowance of appeal was denied. (***See Commonwealth v. Pagan***, 160 A.3d 768 (Pa. 2016)).

On August 15, 2016, while [Appellant's] petition for allowance of appeal was pending, he filed a motion to vacate sentence and for resentencing based on ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016).[2] The [c]ourt treated this

_____

[2] Relevant to the instant appeal,

*(Footnote Continued Next Page)*

- 2 -

motion as one for post conviction collateral relief. *See Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012). The [c]ourt issued a Rule 907 Notice, and on January 20, 2017, entered an order dismissing the motion, without a hearing, for lack of jurisdiction. . . .

(PCRA Court Opinion, 3/28/17, at 1-3) (citation formatting provided; footnotes and one record citation omitted). This timely appeal followed.[3]

Appellant raises the following question for our review: "Did the court error [sic] in determining that [A]ppellant failed to invoke an exception to the timeliness requirements of the PCRA statute?" (Appellant's Brief, at 6).

As an initial matter, we must address the timeliness of Appellant's PCRA petition.

*(Footnote Continued)* ───────────────

[i]n 2013, the Supreme Court of the United States issued its *Alleyne v. United States*, 133 S.Ct. 2151 (2013) decision, overruling its prior precedent. *Alleyne* held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt. *See Alleyne*, *supra* at 2163. The effect was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing.

*Commonwealth v. Washington*, 142 A.3d 810, 812 (Pa. 2016) (citation formatting provided; one case citation omitted). *Wolfe* concerned the mandatory minimum sentencing provision under 42 Pa.C.S.A. § 9718 (requiring a mandatory minimum sentence of ten years for IDSI), and held that the provision was constitutionally infirm, under *Alleyne*. *See Wolfe*, *supra* at 653, 662-63.

[3] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on March 6, 2017. The PCRA court entered an opinion on March 28, 2017. *See* Pa.R.A.P. 1925.

In reviewing an order denying post-conviction relief, we examine whether the trial court's determination is supported by evidence of record and whether it is free of legal error. Where an issue presents a question of law, the appellate court's standard of review is *de novo*, and its scope of review is plenary. . . .

The PCRA provides eligibility for relief in conjunction with cognizable claims, . . . and requires petitioners to comply with the timeliness restrictions. . . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

*Commonwealth v. Robinson*, 139 A.3d 178, 185–86 (Pa. 2016)

(quotation marks and citations omitted).

In this case, Appellant's judgment of sentence became final on September 14, 2012, when his time to file a timely direct appeal expired. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had

until September 14, 2013, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on August 15, 2016, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See id.* at § 9545(b)(1)(i)-(iii).

As noted, section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant appears to invoke the newly discovered facts and the newly recognized constitutional rights exceptions at 42 Pa.C.S.A. § 9545(b)(1)(ii) and (iii) by reference to **Alleyne**, and **Wolfe**, **supra**. (**See** Appellant's Brief, at 14-17).[4] Appellant argues that he is entitled to relief because he is serving an invalid mandatory minimum sentence under the principles set forth in **Alleyne**. (**See id.**). However, as the PCRA court and the Commonwealth noted, **Alleyne** is not applicable in this case because Appellant is not serving a mandatory minimum sentence. (**See** PCRA Ct. Op., at 4-5; Commonwealth's Brief, at 8, 17). In fact, Appellant's eight-year minimum sentence was below the then-applicable mandatory minimum ten-year term for IDSI, and Appellant was made aware of this at sentencing. (**See** N.T. Guilty Plea and Sentencing, 8/15/12, at 34; PCRA Ct. Op., at 4-5).

Moreover, in **Washington**, **supra**, our Supreme Court addressed the retroactive effect of **Alleyne** and held "that **Alleyne** does not apply retroactively to cases pending on collateral review. . . ." **Washington**, **supra**, at 820; **see also Commonwealth v. Whitehawk**, 146 A.3d 266,

---

[4] The argument section of Appellant's brief is rambling, difficult to follow, and appears to consist chiefly of quotes from judicial opinions without cogent explanation of how that law applies to the facts of this case. (**See** Appellant's Brief, at 14-17). Although we could quash this appeal for Appellant's undeveloped, defective brief, we decline to do so, in the interest of judicial economy. **See** Pa.R.A.P. 2101; **see also Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (stating *pro se* litigants must comply with procedural rules and declining to quash appeal despite defective brief).

271 (Pa. Super. 2016).  Therefore, Appellant's claims premised on **Alleyne** fail.

In sum, Appellant's petition is untimely and he has failed to establish the applicability of any of the three limited exceptions to the PCRA's jurisdictional time-bar.  Therefore, we conclude that the PCRA court properly dismissed it without a hearing as untimely.  **See Robinson**, **supra** at 185; **Jackson**, **supra** at 519.  Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017